# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF MILLER,<br><br>                        Plaintiff,<br><br>v.<br><br>JOSEPH GLENN OSBORNE, et al.,<br><br>                        Defendant. | Case No.: 18cv279-LAB (NLS)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**ORDER TO SHOW CAUSE RE: REMAND; AND**<br><br>**ORDER VACATING HEARING** |

      Defendant Joseph Osborne, proceeding *pro se*, removed this action from state court, identifying federal question as the basis for the Court's exercise of jurisdiction. Although the claims are pled under state law, Osborne argues they are completely preempted by federal law.

      Osborne did not pay the filing fee, but filed a motion to proceed *in forma pauperis* ("IFP"). The IFP motion shows Osborne lacks the funds to pay the filing fee, and leave to proceed IFP is **GRANTED**.

      Actions commenced under the IFP statute, 28 U.S.C. § 1915(e), are subject to a mandatory screening. In addition, the Court is obligated to inquire into jurisdiction over removed action and to remand cases where jurisdiction is lacking,

*sua sponte* if necessary. *See Mt. Healthy City School Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 278 (1977) (holding that federal courts must inquire *sua sponte* whenever its jurisdiction is in doubt); *Smith v. Mylan, Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014) (citing 28 U.S.C. § 1447(c)) (holding that district courts must remand removed case *sua sponte* if at any time before final judgment it appears that jurisdiction is lacking).

Plaintiff Jeff Miller, who is represented by counsel, filed a motion to remand with a hearing date of April 16, 2018. As the removing party, Osborne bears the burden of showing that the Court has jurisdiction over this case. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Under Civil Local Rule 7.1(e)(2), the opposition was due April 2, but Osborne has filed none. Under Civil Local Rule 7.1(f)(3)(c), failure to file an opposition may be construed as consent to the motion's being granted.

Osborne is **ORDERED TO SHOW CAUSE** why the case should not immediately be remanded. He may do so by filing his written opposition to the motion for remand by **April 18, 2018**. If he fails to show cause within the time permitted, this action will be remanded. The hearing on the motion for remand is **VACATED**.

**IT IS SO ORDERED**.

Dated: April 11, 2018

Hon. Larry Alan Burns
United States District Judge